UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES MALONE, JR.,

    Plaintiff,

v.

                                  Case No. 2:21-cv-12764
                                  Hon. Sean F. Cox

JODI DEANGELO, AND
MELLISA GODFREY,

    Defendants.
_____/

## OPINION AND ORDER DISMISSING COMPLAINT

James Malone, Jr., who is presently confined at the Woodlawn Center Correctional Facility, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. He names Warden Jodi Deangelo and Deputy Warden Mellisa Godfrey as Defendants. For the reasons stated below, the Court will summarily dismiss the complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A(b) for Plaintiff's failure to state a claim.

### I. Standard of Review

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

## II. Complaint

The brief complaint states that on November 20, 2020, Plaintiff was placed in segregation for fourteen days without legal basis or justification and without a "Notice of Intent." (Complaint, ECF No. 1, PageID.26.) Plaintiff asserts that while he was in segregation he was denied cleaning supplies, yard time, religious materials, and phone calls. (*Id.*) He asserts "this cruel and unusual punishment was torture," that violated his Eighth Amendment rights. (*Id.*) Plaintiff seeks a declaratory judgment that the acts of Defendants were illegal and compensatory and punitive damages totaling $1,000,000. (*Id.*, PageID.27.)

## III. Discussion

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).

Plaintiff alleges that Defendants subjected him to conditions that constituted cruel and unusual punishment in violation of the Eighth Amendment. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous," nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Eighth Amendment prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987)(per curiam)(quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998).

The Eighth Amendment is concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954. "Routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes*, 452 U.S. at 347). As a consequence, "extreme deprivations are required to make out a conditions-of-confinement claim." *Id*.

Plaintiff asserts that he was placed in segregation for fourteen days, where he was deprived of many of the freedoms associated with being held in the less-restrictive general population. Specifically, he claims he was denied cleaning supplies. He was not allowed to enjoy time outside in the yard. He was denied unspecified religious materials. Finally, Plaintiff was unable to use the telephone, and as a result, he was unable to communicate with a relative who since passed away.

Although it is clear that Plaintiff was denied certain privileges as a result of his placement in segregation, he does not allege that he was denied basic human needs and requirements. The Sixth Circuit has held that without a showing that basic human needs were not met, the denial of privileges as a result of administrative segregation cannot establish an Eighth Amendment violation. *See Evans v. Vinson*, 427 F. App'x 437, 443 (6th Cir. 2011); *Harden-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008). Moreover, Plaintiff cannot bring an Eighth Amendment claim for emotional or mental damages because he does not allege a physical injury. *See* 42 U. S.C. §1997e(e); *see also Hudson*, 503 U.S. at 5; *Harden-Bey*, 524 F.3d at 795.

As a result, the complaint Plaintiff fails to state an Eighth Amendment claim against Defendants.

### III. Order

**IT IS THERFORE ORDERED** that the Complaint is **SUMMARILY DISMISSED** for Plaintiff's failure to state a claim.

s/Sean F. Cox  
Sean F. Cox  
United States District Judge

Dated: December 17, 2021